**Clem H. BLOCK, Petitioner-Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**Clem H. BLOCK and Katherine L. Block, Petitioners-Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**Nos. 73–1112, 73–1113.**

United States Court of Appeals, Sixth Circuit.

Argued June 8, 1973.

Decided Aug. 7, 1973.

Clem H. Block and Katherine L. Block, pro se.

Arthur Bailey, Washington, D. C., for respondent-appellee; Scott P. Crampton,

Asst. Atty. Gen., Meyer Rothwacks, Donald H. Olson, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

This consolidated appeal involves the Tax Court's determination of income tax deficiencies, fraud penalties and additions to tax for failure to pay estimated tax, aggregating over $135,000, for the years 1956 through 1962. The memorandum findings of fact and opinion of the Tax Court announced by Judge Samuel B. Sterritt, T. C. Memo 1972–130, are published at P. H. Memo T. C. ¶ 72,130 (1972). Reference is made to that opinion for a comprehensive recitation of pertinent facts.

Among other things, the Tax Court found that petitioner Clem H. Block, a licensed attorney who prepared tax returns for others, filed no return for himself in 1956, 1957, 1958, 1960 and 1961. Petitioner contends that he filed returns for those years, but was unable to produce copies. Petitioner filed returns for 1959 and 1962, made payments of estimated tax for the years 1958, 1960 and 1961 and filed partnership returns for his law firm for the years from 1956 to 1961.

The taxpayers assert that the underpayments of taxes for the years in question were not due to fraud and that, in any event, certain of the assessments proposed in the Commissioner's deficiency notices are barred by the statute of limitations.

Among questions raised on appeal are these: (1) Whether the Tax Court correctly determined that the underpayment of income taxes by Clem H. Block for each of the years 1956 through 1962 was due to fraud; and (2) Whether the Tax Court correctly determined that, notwithstanding the applicability of the "Innocent Spouse" statute,[1] Mrs. Block

1. Act of January 12, 1971, P.L. 91–679, 84 Stat. 2063, 26 U.S.C. § 6013(e).

is jointly liable for a portion of the income tax deficiencies found for the years 1959 and 1962 because she and her husband signed and filed joint returns for those years.

We conclude that the findings of fact of the Tax Court are not clearly erroneous, Rule 52(a), Fed.R.Civ.P., but to the contrary are supported by substantial evidence. Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L. Ed.2d 1218 (1960).

For the reasons stated in the opinion of the Tax Court, the decision of that court is affirmed.